# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | **Case No. 11-20736-TLM** |
| **JOHN WALTER HYATT and** | ) | |
| **SHIRLEY MICHELLE HYATT,** | ) | **Chapter 7** |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |

## MEMORANDUM OF DECISION
_____

## INTRODUCTION AND BACKGROUND

On June 8, 2011, John and Shirley Hyatt ("Debtors"), filed a petition for

relief under chapter 7 commencing this case.  The Court previously addressed, and

on December 9, 2011, granted, a motion of "The Hyatt Revocable Living Trust"

(the "Trust"), for relief from the automatic stay of § 362(a).[1]  *See* Doc. Nos. 58

("Decision"); 59 (Order).[2]  Under that ruling, the Trust was authorized to proceed

with enforcement of its judgment lien against Debtors' real property located at

11341 Church Road in Rathdrum, Idaho (the "Property").  As the prior Decision

reflects, an Idaho state court's prebankruptcy rulings established that Debtors were

_____

[1]  Unless otherwise indicated, all statutory citations in this Decision are to the provisions
of the Bankruptcy Code, Title 11, U.S. Code §§ 101-1532.

[2]  The Decision has been preliminarily reported as *In re Hyatt*, 2011 WL 6140736
(Bankr. D. Idaho Dec. 9, 2011).

MEMORANDUM OF DECISION - 1

and are the owners of the Property (a residence parcel and adjacent parcels in Kootenai County, Idaho), and that the attempted transfers of the Property by Debtors to an entity (the "Church Road Trust") and by that entity to Debtors' daughter, Rebekah Adams, were fraudulent under state law and avoided.[3]

Subsequent to this Court's December 9 Decision and Order, a "Motion for Emergency Relief from Stay per U.S. Code Title 11 § 362(f)" was filed on December 15, 2011, by Rebekah Adams, John Robert Hyatt, and Andrew Hyatt (collectively the "Movants").[4] *See* Doc. No. 62 ("Motion").

### A.    The § 362(f) Motion

The Movants allege in the Motion that, unless the automatic stay is terminated, their "interest in the [P]roperty" will be irreparably damaged. That "interest" is described as flowing from the fact that Movants "have performed various works on the [Property], some of which are still ongoing[.]" They assert that they "have valid claims upon the [Property] which must be established to be the security for the performance of all obligations which exist in our favor against the owner of the [P]roperty." *Id.* at 2.

The rationale for emergency relief from stay is premised on the Movants'

---

[3]  Debtors listed the Property on their Schedule A in this case. They listed no secured debts encumbering that Property. Doc. Nos. 16, 26.

[4]  Movants failed to pay the requisite filing fee with their Motion; an order has been entered by this Court requiring them to pay the same. Doc. No. 63.

MEMORANDUM OF DECISION - 2

concern that the Trust, having received relief from stay, "will pursue enforcement of [its] lien as soon as possible, with the scheduling of the Kootenai County Sheriff's sale in little more than thirty days after the stay was lifted." Thus, "[w]ith the inevitable sale to happen in all likelihood before a hearing on this matter can take place, the Stay, will cause irreparable damage to [the Movants'] interests in the [Property]" because they will not have had an opportunity to "perform the acts necessary to secure [their] claim." *Id.*

### B.    Asserted Mechanic's Liens

Attached to the Motion are three Notices of Mechanic's Lien, one for each of the Movants. Each is shown by a recording stamp as having been filed of record in Kootenai County on December 15, 2011.[5] Each is an assertion of a mechanic's lien under Idaho Code § 45-501 and § 45-507. Each, using the same verbiage, asserts that the claimant:

> furnished the following kinds of labor, services, equipment or materials: Claimant did perform labor for the improvement of the bare and raw land now known as 11341 Church Road, Rathdrum, Idaho, by constructing a driveway, home building/structure, garage building/structure and fences and did repair of driveway, home & garage building/structures and fences[.]

Each asserts that:

---

[5] The time of recording of each, *see* Doc. No. 63 at 4, 6, and 8, was roughly one hour and 45 minutes before the time of the filing of the § 362(f) Motion with this Court on that same date.

MEMORANDUM OF DECISION - 3

> [t]he name of the person(s) by whom the Claimant was employed or to
> whom the Claimant furnished the labor, services, equipment or
> materials is: JOHN WALTER HYATT, JOHN WALTER HYATT
> estate, SHIRLEY MICHELLE HYATT, SHIRLEY MICHELLE
> HYATT estate, Church Road Trust.[6]

Each claim of lien also purports to provide, on an annexed sheet, a "detailed description of work and labor performed." There are, however, no annexed sheets to the claims of lien as attached to the Motion.[7]

Though for the most part identical, there are differences. Rebekah Adams asserts that she is owed a total amount, as of November 30, 2011, of $68,329.08. John Robert Hyatt claims to be owed $227,763.56 as of that same date. Andrew Hyatt asserts a total claim of $157,837.31.

Rebekah Ann Hyatt, as established in the state court's rulings and discussed in this Court's prior Decision, is the Debtors' daughter. It appears that Adams is her married name. Her claim of lien asserts that her address is 1945 N. Stagecoach Drive, Post Falls, Idaho. This is the same address used by the Movants in filing the § 362(f) Motion. Both John Robert Hyatt and Andrew Hyatt show an address on their lien claims of 11341 Church Road, Rathdrum, Idaho –

---

[6] Each also asserts that the Debtors, the Debtors' so-called "estates," and the Church Road Trust are the "owner or reputed owner" of the Property.

[7] The Court also surmises that there are no annexed sheets to the claims of lien filed of record as the Kootenai County recorder's stamp indicates on each lien that what was recorded was "Page 1 of 1."

MEMORANDUM OF DECISION - 4

*i.e.*, the Property.[8]  The names and claimed residence, and balance of the record before the Court in this case, support the conclusion that John Robert and Andrew Hyatt are the Debtors' sons.[9]

## DISCUSSION AND DISPOSITION

### A.    Emergency Stay Relief

Upon commencement of a bankruptcy case, a stay automatically arises enjoining further pursuit or collection of debts owed by Debtors, claims against property of the estate, and other things.  *See* § 362(a)(1)-(8).  Relief from the automatic stay may be sought by motion.  *See* § 362(d); Fed. R. Bankr. P. 4001. The Code and Rules provide an accelerated procedure for hearing and resolution of such motions.  *See* § 362(e); Fed. R. Bankr. P. 4001(a)(1); LBR 4001.2.

The Code also provides for the possibility of emergency relief.  Section 362(f) provides:

> (f)   Upon request of a party in interest, the court, with or without a hearing, shall grant such relief from the stay provided under subsection (a) of this section as is necessary to prevent irreparable damage to the interest of an entity in property, if such interest will suffer such damage before there is an opportunity for notice and a hearing under subsection (d) or (e) of this section.

This provision is amplified by the provisions of Fed. R. Bankr. P. 4001(a)(2),

---

[8]  Interestingly, the Notary Public that executed the jurat attached to the John Robert Hyatt and Andrew Hyatt claims of lien is named "Dustin J. Adams," with a residence address of 1945 N. Stagecoach Dr., Post Falls, Idaho.  *Id.* at 6, 8.

[9]  Debtors listed a son as a dependent on their Schedule I.  *See* Doc. No. 16.

MEMORANDUM OF DECISION - 5

which provides:

> (2)  Ex Parte Relief.  Relief from a stay under § 362(a) or a request to prohibit or condition the use, sale, or lease of property pursuant to § 363(e) may be granted without prior notice only if (A) it clearly appears from specific facts shown by affidavit or by a verified motion that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party or the attorney for the adverse party can be heard in opposition, and (B) the movant's attorney certifies to the court in writing the efforts, if any, which have been made to give notice and the reasons why notice should not be required.  The party obtaining relief under this subdivision and § 362(f) or § 363(e) shall immediately give oral notice thereof to the trustee or debtor in possession and to the debtor and forthwith mail or otherwise transmit to such adverse party or parties a copy of the order granting relief.  On two days notice to the party who obtained relief from the stay without notice or on shorter notice to that party as the court may prescribe, the adverse party may appear and move reinstatement of the stay or reconsideration of the order prohibiting or conditioning the use, sale, or lease of property.  In that event, the court shall proceed expeditiously to hear and determine the motion.

The Local Rules do not apply to emergency relief requests under § 362(f) and Rule 4001(a)(2).  *See* LBR 4001.2(f).

In considering requests for relief under § 362(f), as pressed by the Movants here, the Bankruptcy Appellate Panel of the Ninth Circuit has cautioned:

> [Rule 4001(a)(2)] recognizes that the granting of ex parte relief from the automatic stay is an extraordinary step that is rarely appropriate.  There are extremely few situations in which threatened harm is both irreparable and so imminent that opposing parties cannot be given at least some notice and the opportunity to participate in a hearing.  *See* 9 COLLIER ON BANKRUPTCY, ¶ 4001.04[5], (Lawrence P. King, et al. eds., 15th ed. rev. 1996).  *See also In re Syndicom Corp.*, 268 B.R. 26, 31 (Bankr. S.D.N.Y. 2001) (stating that relief from the automatic stay can be granted on an ex parte basis under very limited

MEMORANDUM OF DECISION - 6

circumstances involving immediate and irreparable injury, and with
procedural protections akin to those when a restraining order is
sought).

*Delaney-Morin v. Day (In re Delaney-Morin)*, 304 B.R. 365, 371 (9th Cir. BAP
2003).

### B.    The § 362(f) Motion

The Movants predicate their request for extraordinary relief on an

assumption (*i.e.*, "[u]pon information and belief") that the Trust will be

proceeding to enforce its rights under the stay relief granted it on December 9 by

"scheduling . . . [a] Sheriff's sale in a little more than thirty days after the stay was

lifted."  Motion at 2.  That the Trust has, in fact, set a sheriff's sale is not alleged,

nor is a date of such a sale specified.  The threatened harm is not shown to be "so

imminent that opposing parties cannot be given at least some notice and the

opportunity to participate in a hearing."  *Delaney-Morin*, 304 B.R. at 371.

Even if the Court were to ascribe some merit to the underlying allegations

about the Movants' need for prompt stay relief in order to adjudicate their lien

claims against the Property, their own allegations do not establish that the hearing

process ordinarily attending stay relief motions must be eliminated.[10]  The

---

[10]  Stay relief motions, if opposed, must be heard at a preliminary hearing held within 33
days of the service of the motion.  *See* § 362(e); Fed. R. Bankr. P. 4001(a)(1), 9006(d), 9006(f),
and 9014; LBR 4001.2(c), (e)(1), (e)(2).  And, while the Local Rule contemplates that hearings
will be set by an objecting party, LBR 4001.2(e)(1)(A) also provides for the possibility of a
movant-set hearing with Court approval for cause shown.

Movants have not established that this is one of the "extremely few situations"
where the extraordinary relief available under § 362(f) is appropriate.  They have
not adequately justified their "emergency" request nor the suggested dispensing of
a hearing on notice.

The Court appreciates that the Movants have argued in the Motion that they
believe their claims are "not disputed" and therefore "would be adjudicated
quickly," and that they desire stay relief "in order to allow an uncontested
proceeding to move forward long enough, so as to achieve a judgment."  Motion
at 2-3.  However, this argument is obviously directed to the idea that the *Debtors*
would not oppose the asserted mechanic's lien claims.

The Court has little doubt that the Debtors support, and are participating in,
the Movants' efforts to assert secured lien claims against the Property.  In fact, the
Court's Clerk has advised that Debtor John Walter Hyatt was the one who
presented the Motion for filing on December 15.  Further, two of the three
Movants list their address as 11341 Church Road, the same residence as Debtors
disclosed in their filings.  The other claimant, Debtors' daughter, was the party
involved in what the Idaho state court determined was a fraudulent transfer of title
to the Property.  The asserted labor spanned a number of years and was allegedly

MEMORANDUM OF DECISION - 8

performed by family members on the family residence.[11]

Though the Debtors may raise no contest to the lien claims, what the Movants fail to acknowledge in their approach to the Motion and request for emergency relief is the existence of the Trust as a judgment lien creditor on the Property. Obviously the Trust, as a directly adverse party, will have an interest in contesting the bona fides of the lien claims and – for present purposes – will have a potential interest in being heard on the question of stay relief.[12]

For the foregoing reasons, and since the Movants have not established that this is a proper situation for the extraordinary relief allowable under § 362(f), the Motion will be denied.

## C.    Stay Relief Motions

Denial of the Motion will be without prejudice to the filing by Movants of a motion for stay relief under § 362(d), and its proper prosecution under the Federal and Local Bankruptcy Rules. The present Motion cannot be considered as an adequate stay relief motion subject to simply being noticed for hearing. First, it

---

[11]    Despite this symmetry, it can also be noted that Debtors, in filing their schedules in this case under penalty of perjury, did not list Rebekah, John Robert, or Andrew as creditors, indicate the children held unpaid claims for labor, or suggest that any lien claims existed on the Property.

[12]    That the chapter 7 Trustee will object to the Movants' request for stay relief appears unlikely, as he has already taken the position that he would not oppose stay relief in favor of the Trust in that there is no equity in the Property given the magnitude of the Trust's judicial lien claim. *See* Decision, Doc. No. 58 at 3, 29-31. That does not, however, mean that the chapter 7 Trustee is not entitled to notice and an opportunity to appear and be heard.

MEMORANDUM OF DECISION - 9

specifically invokes § 362(f), rather than § 362(d) and (e), and it does not comply

with LBR 4001.2.[13]  Second, it does not presently establish a "colorable claim" of

the Movants as required under *Veal v. Am. Home Mortg. Servicing, Inc. (In re*

*Veal)*, 450 B.R. 897, 914-17 (9th Cir. BAP 2011).  *See* Decision, Doc. No. 58, at

24-25 (discussing *Veal*).  A "colorable" claim is one "that is legitimate and that

may reasonably be asserted, given the facts presented and the current law (or a

reasonable and logical extension or modification of the current law)."  *Budd v.*

*Fid. Asset Mgmt., LLC (In re Budd)*, 2011 WL 4485190 at *3 n.4 (9th Cir. BAP

July 12, 2011) (quoting Black's Law Dictionary (9th ed. 2009)).[14]

        Upon what has been submitted so far, this Court perceives serious questions

concerning the legitimacy of the mechanic's lien claims.  First, in regard to

whether all the several requirements of Idaho law for a valid statutory lien are met,

*see* Idaho Code § 45-507;[15] and second, as to whether there in fact was an

---

        [13]  A motion for stay relief must allege a right to relief under § 362(d) and, in this
District, that includes the specificity of pleading demanded by LBR 4001.2(b).  Further, such a
motion must contain certain notices and disclosures.  *See* LBR 4001.2(b)(7) and (g).  If properly
filed and served, parties in interest may object, triggering a hearing process.  LBR 4001.2(e).

        [14]  Analogizing stay relief proceedings to preliminary injunction hearings, the Panel in
*Budd* recognized the goal is to determine "the reasonable likelihood that a creditor has a
legitimate claim or lien as to a debtor's property."  2011 WL 4485190, at *3 (quoting *Grella v.*
*Salem Five Cent Sav. Bank*, 42 F.3d 26, 34 (1st Cir. 1994).

        [15]  As the Decision noted in addressing whether the Trust established a colorable claim,
absent any controlling federal law, interests in property are determined by applicable state law.
Doc. No. 58 at 25 (*citing Gaughan v. the Edward Dittlof Revocable Trust (In re Costas)*, 555
F.3d 790, 793 (9th Cir. 2009).

MEMORANDUM OF DECISION - 10

agreement under which the Movants would be, and in fact were, hired to perform and be compensated for "labor" on or at the family residence.

The three alleged lien claims here total $453,929.95 as of November 30, 2011. Debtors scheduled the Property as worth $303,000, with no indication of any secured debt against it. While one might understand Debtors' decision not to schedule the Trust (and/or its trustee, Gene Hyatt) as a creditor given their contentions that the Trust's judgment was "fraudulent" and strenuously disputed, nothing suggests why the claims of the children – if legitimate – were omitted. That they surface only when stay relief has been granted to the Trust is worthy of suspicion, and the appearance of the claims certainly echoes the varied "exemption" claims that were rejected as sham by the Idaho state court. *See* Decision, Doc No. 58 at 18-19, 29.

However doubtful, such issues need not be resolved today in the context of disposing of the § 362(f) Motion. And whether they will be resolved in the context of a proper § 362(d) motion will depend (a) on such a motion being filed and properly prosecuted, and (b) on the arguments and evidence related to the question of the Movants' "colorable claim."[16]

---

[16] This Court has already recognized that, under *Veal* and related authorities, the relief from stay process is not "an appropriate vehicle for finally and definitively determining a creditor's claim or security." Decision, Doc. No. 58 at 25. So it may not reach the ultimate question. And a decision by this Court that a colorable claim is sufficiently shown for standing purposes does not necessarily mean the moving creditor will ultimately be successful in

(continued...)

MEMORANDUM OF DECISION - 11

**CONCLUSION**

The Court determines, for the reasons above, that the § 362(f) Motion will

be denied, without prejudice.  An appropriate order will be entered.

DATED: December 21, 2011

TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

---

[16] (...continued)
establishing that claim, which will depend on the movant's ability to prove its rights, injury,
statutory compliance, or any other required element under applicable nonbankruptcy law.  Nor
would this Court's decision on a standing issue in a stay relief context, if required, necessarily be
binding on a state court evaluating the merits of the claim following stay relief.

MEMORANDUM OF DECISION - 12